| | | |
|---|---|---|
| ELIZABETH ZACHARY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | § § § § § § § § | Civil Action No. 4:16-CV-00754 Judge Mazzant |
| v. | | |
| COBALT MORTGAGE, INC. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Notice and FLSA Conditional Certification (Dkt. #18). Having considered the pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff is a former employee of Defendant Cobalt Mortgage, Inc. Defendant was a nationwide mortgage lender that ceased operations in November 2014. Defendant employed Plaintiff as a Senior Processor in its Plano, Texas office from September 2012 through February 2013 and from August 2013 through July 2014. Processors, Senior Processors, and other employees with similar titles (collectively, "Processors") assisted Defendant's mortgage loan officers in processing and closing mortgage products.

Plaintiff alleges that Defendant did not pay Processors overtime compensation for hours worked over forty per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff moves for conditional certification as a collective action under the FLSA. Defendant opposes conditional certification on the ground that Plaintiff has not provided evidence of a common policy or plan affecting Processors.

Plaintiff and nine opt-in Plaintiffs from seven offices state that they "usually worked in

excess of forty (40) hours per workweek" and that Defendant did not pay them overtime for these excess hours. Plaintiff and opt-in Plaintiffs further allege that their managers discouraged them from reporting overtime hours and told them not to report overtime hours. Plaintiff and opt-in Plaintiffs state that their managers knew they were not fully reporting all of their hours.

Defendant classified Processors as non-exempt, hourly employees under the FLSA. Defendant concedes that Processors had the same job descriptions and generally shared common job duties. Defendant argues that it did not have a company-wide policy or practice of requiring Processors to work overtime off the clock and did not permit non-exempt employees to work off the clock. Defendant states it required non-exempt employees to report all time worked in its timekeeping software. According to Defendant, it paid non-exempt employees overtime when required by law, regardless of whether it had authorized employees to work overtime. Defendant's timekeeping records indicate that it paid Plaintiff and five opt-in Plaintiffs overtime from September 2013 to November 2014.

Plaintiff further alleges that Defendant failed to include non-discretionary bonuses in Processors' regular rate of pay for overtime calculations. Defendant concedes that it did not include non-discretionary bonuses in Processors' regular rates of pay and does not oppose conditional certification of the bonus collective groups.

On December 8, 2016, Plaintiff filed the pending Motion for Notice and FLSA Conditional Certification (Dkt. #18). On January 17, 2017, Defendant filed a response (Dkt. #20). On January 31, 2017, Plaintiff filed a reply (Dkt. #21). Defendant filed a sur-reply on February 3, 2017 (Dkt. #22).

**LEGAL STANDARD**

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) of the FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated" for violations of the FLSA. 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011).

While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). This Court has applied the *Lusardi* approach in a number of other cases. *See Halleen v. Belk, Inc.*, No. 4:16-CV-00055, 2016 WL 5118646, at *2 (E.D. Tex. Sept. 21, 2016); *Miranda v. Mahard Egg Farm, Inc.*, No. 4:15-CV-406, 2016 WL 1704861, at *1 (E.D. Tex. Apr. 28, 2016); *Stier v. Great Plains Nat'l Bank*, No. 4:15-CV-519, 2016 WL 1572194, at *1 (E.D. Tex. Apr. 19, 2016). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

*Statute of Limitations*

The statute of limitations for an FLSA claim is two years, unless the violation was willful, in which case the limitations period is three years. 29 U.S.C. § 255(a). Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for ... whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003). If a Plaintiff alleges a willful violation of the FLSA, courts routinely grant conditional certification and "send notice to the putative class using a three-year statute of

4

limitations." *Page v. Crescent Directional Drilling*, L.P., No. 5:15-CV-193-RP, 2015 WL 12660425, at *3 (W.D. Tex. Dec. 10, 2015) (citing *McPherson v. LEAM Drilling Sys.*, LLC, 4:14-CV-02361, 2015 WL 1470554, at *15 (S.D. Tex. Mar. 30, 2015); *Rousseau v. Frederick's Bistro*, LTD, 5: 09-CV-651-XR, 2010 WL 1425599, at *3 (W.D. Tex. Apr. 7, 2010)). "Whether Defendant acted willfully is a question of fact, and the Court will not make a determination on that question before discovery has been completed." *Id.*

The Court finds that notice should be provided within the longer three-year statute of limitations. Plaintiff alleged that Defendant willfully violated the FLSA. *See* Dkt. #1 at ¶ 38. Defendant argues that a two-year statute of limitation applies because Plaintiff has not shown that Defendant's alleged FLSA violation was willful. The cases Defendant cites finding no willful violations of the FLSA were decided through summary judgment or post-trial motions. *See Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 903 (11th Cir. 2012); *Switzer v. Wachovia Corp.*, No. CIV.A. H-11-1604, 2012 WL 3685978, at *5 (S.D. Tex. Aug. 24, 2012); *Saxton v. Young*, 479 F. Supp. 2d 1243, 1254 (N.D. Ala. 2007). Discovery has not occurred in this case. The Court will not determine the factual question of whether Defendant acted willfully before discovery is completed. "The consequences of sending notice to too few potential plaintiffs are high, as the FLSA's statute of limitations continues to run on each individual's claim until they file their written consent to join the collective action with the court . . . By contrast, the consequences of sending notice to too many potential plaintiffs can be remedied – a class may be decertified." *Page*, 2015 WL 12660425, at *3.

*Policy Requiring Off-the-Clock Overtime*

Plaintiff argues Defendant had a policy of requiring Processors to work in excess of 40 hours per week and did not pay Processors for all hours worked. Plaintiff and nine opt-in Plaintiffs

state that their managers told them not to report overtime hours.

Plaintiff has satisfied the lenient *Lusardi* standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan. Plaintiff and opt-in Plaintiffs here sufficiently alleged that they were victims of a similar plan under which they did not receive overtime compensation because managers told them not to report overtime hours. *See Tice*, 826 F. Supp. 2d at 996 (granting conditional certification where all Plaintiffs claimed that they were required to work overtime without appropriate compensation); *Foraker v. Highpoint Sw., Servs., L.P.*, No. CIV.A. H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (granting conditional certification because "Plaintiffs' claim [was] fundamentally that they routinely worked in excess of forty hours per week, that they did not receive any overtime pay, and that [Defendant's] practice or policy of failing to pay overtime affected the proposed class members in exactly the same way.").

Defendant argues that its policies did not permit non-exempt employees to work overtime off the clock and that it paid non-exempt employees for any overtime worked, even if unauthorized. Defendant cites a number of cases to support its argument that "where, as here, the Plaintiff's alleged company-wide policy is merely evidence of one or more malfeasant managers, Courts routinely deny conditional certification." However, these cases are distinguishable. In *Hickson v. U.S. Postal Serv.*, No. 5:09CV83, 2010 WL 3835887, at *13 (E.D. Tex. July 22, 2010), *report and recommendation adopted*, No. 5:09CV83, 2010 WL 3835885 (E.D. Tex. Sept. 28, 2010), the court held that conditional certification was not appropriate because Plaintiffs had alleged at least four different practices that violated the FLSA, "making the individual circumstance of each worker too particularized to warrant collective certification." Here, all ten declarations Plaintiff submitted from Processors in Texas, Washington, and Colorado

6

state that Processors' managers told them not to report all overtime hours worked during a week.

Similarly, in *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-00738, 2012 WL 334038, at *4 (S.D. Tex. Feb. 2, 2012), the court found two allegations of managers explicitly telling employees to work off the clock were "insufficient to warrant the complex, enormous, nationwide class that Plaintiffs request." In that case, the proposed class consisted of bankers from thousands of banking locations nationwide. *Id.* Here, at least ten individuals who worked in seven of Defendant's offices have alleged that their managers explicitly told them not to record overtime hours. Unlike in *Richardson* where the proposed class consisted of thousands of banks nationwide, here, Defendant had seventy-six offices nationwide. In the remaining cases Defendant cites, Plaintiffs produced no evidence that other individuals had demonstrated interest in joining the lawsuits. *See Coca v. Big Bang Enters., Inc.*, No. CV 4:14-2122, 2015 WL 12532479, at *3 (S.D. Tex. Apr. 14, 2015); *Carey v. 24 Hour Fitness USA, Inc.*, No. CIV.A. H-10-3009, 2012 WL 4857562, at *3 (S.D. Tex. Oct. 11, 2012).

Defendant further objects to the declarations Plaintiff submitted as conclusory allegations that are inadmissible because they lack foundation. In their declarations, opt-in Plaintiffs state that based upon their experience and observations working for Defendant, they understand other Processors were subject to the same pay policies and practices of not receiving overtime. At this stage, it is reasonable to infer that opt-in Plaintiffs had personal knowledge of the employment conditions of other Processors based on their own observations and experiences during their employment. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 764 (N.D. Tex. 2013).

There is thus sufficient evidence of a common policy to satisfy the lenient first stage of *Lusardi*.

*Non-Discretionary Bonuses*

Defendant does not oppose conditional certification for Processors who received loan file bonuses that were not included in their regular rate of pay for overtime calculation purposes. Plaintiff's proposed notice to Processors includes notice to these individuals.

**CONCLUSION**

The Court finds that Plaintiff has come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. It is therefore ORDERED that Plaintiff's Motion for Notice and FLSA Conditional Certification (Dkt. #18) is hereby GRANTED.

It is further ORDERED, ADJUDGED AND DECREED that the Court conditionally certifies a class of Defendant's current and former employees that is described as follows and referred to herein as the "Workers":

> All persons who were employed by Cobalt Mortgage, Inc., as "Processors," "Senior Processors," or other like mortgage processing employee within the United States at any time during the three-year period preceding the date of this Order.

It is further ORDERED, ADJUDGED AND DECREED that the Notice and Consent to Join Form presented to the Court as Exhibit M to Docket #18 is conditionally approved, subject to Plaintiff's insertion of the appropriate dates.

Defendant is ordered to produce the names, last known addresses, and email addresses ("Worker Information") of current and former Workers. Defendant shall provide the Worker Information in an electronic format within seven (7) days of the entry of this Order. Plaintiff's Counsel shall send the Notice and Consent Form to the Workers within seven (7) days after Defendant provides the Worker Information to Plaintiff's counsel. The Court authorizes Plaintiff to immediately issue the Notice and Consent Form to those individuals whose names are being

provided as required by this Order. Plaintiff shall issue the Notice and Consent forms by U.S. mail and email. Plaintiff may provide a self-addressed, postage paid return envelope. Plaintiff shall bear the cost of issuing the Notice and Consent forms and any reminder notice.

The Workers shall be provided sixty (60) days after the date the Notice and Consent forms are mailed (the "Opt-In Period") to file a Consent to Join form opting-in to this litigation, unless the Parties agree to permit late filings. Any re-mailing of the original notice and any reminder notices shall not extend this deadline. Plaintiff shall inform opposing counsel as to the date on which the Notice forms were sent to the Workers. Plaintiff's counsel may send a reminder notice thirty (30) days before the expiration of the Opt-In Period, provided the parties agree upon the text of the reminder.

Plaintiff's counsel shall file the signed consent forms with the Court. All consent forms postmarked or fax-stamped on or before the end of the Opt-In Period will be considered timely.

Within thirty (30) days after the close of the Opt-In period, the Parties are directed to confer pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order setting forth proposed dates and covering the items set forth in the Court's previous Order Governing Proceedings. The proposed Joint Scheduling Order should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the Parties cannot agree on elements of the Proposed Scheduling Order, they may present their views in the submission for Court determination. The Parties must file the Joint Scheduling Report and Case Management Plan within fourteen (14) days of the deadline for the Parties to confer.

**SIGNED this 22nd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE